

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                 09-CR-6174(DGL)

BRYAN J. GRISWOLD,

              Defendant.
_____

## PLEA AGREEMENT

The defendant, BRYAN J. GRISWOLD, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Count 2 of the Indictment charging a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (knowing possession of child pornography), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release not less than 5 years up to life.  The defendant understands that the penalties set forth

in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the court. Defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence

of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.  The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    (a) That the defendant knowingly possessed or attempted to possess any child pornography;

    (b) That such item or items of child pornography had been shipped, transported or mailed in or affecting interstate or foreign commerce, including by computer; and

    (c) That at the time of such possession the defendant believed that what he possessed constituted child pornography.

## FACTUAL BASIS

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. On or about August 5, 2009, in the Western District of New York, the defendant, BRYAN J. GRISWOLD, knowingly possessed more than 600 images of child pornography contained on a laptop in his possession. The images had been shipped and transported in and affecting interstate and foreign commerce. Some of the images depicted prepubescent children and sadistic and masochistic conduct. At the time GRISWOLD possessed the images, he believed that what he possessed constituted child

        pornography. The computer was manufactured outside the State of New York.

b.    The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines § 2G2.2(a)(1) (Guidelines Manual effective November 1, 2008) applies to the offense of conviction and provides for a base offense level of **18**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristics do apply:

a. the **two** level increase pursuant to Guidelines § 2G2.2(b)(2) (material involved a pre-pubescent minor or a minor under the age of twelve years);

b. the **five** level increase pursuant to Guidelines § 2G2.2(b)(3)(B) (distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain);

c. the **four level increase** pursuant to Guidelines § 2G2.2(b)(4) (material portrayed sadistic or masochistic conduct or other depictions of violence);

d. the **five** level increase pursuant to Guidelines § 2G2.2(b)(5) (defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor);

e. the **two** level increase pursuant to Guidelines § 2G2.2(b)(6) (use of a computer); and

f. the **five** level increase pursuant to Guidelines § 2G2.2(b)(7)(D) (600 or more images).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **41**.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward

adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **38**.

### CRIMINAL HISTORY CATEGORY

12. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of **38** and criminal history category of **I**, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **120 months**, a fine of **$25,000** to **$250,000**, and a period of supervised release of **5 years** up to **life**.

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

14. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that a non-Guidelines sentence is appropriate and that the Court at the time of sentence impose an **84** month term of imprisonment. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

15. The defendant understands that, except as set forth in ¶ 14 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to possession and production of child pornography which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

   a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor; and

d.   advocate for a sentence consistent with the terms of this agreement.

18. At sentencing, the government will move to dismiss the open count pending against the defendant under the Indictment.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which includes a sentence of a term of

imprisonment of 120 months or less, and a fine and supervised release within or less that the ranges set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which includes a term of imprisonment of 84 months or more, a fine and supervised release within the ranges set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   **FORFEITURE PROVISIONS**

23.   As a result of his conviction, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a)(1) and/or 2253(a)(3), any visual depiction described in Title 18, United States Code, Section 2252A, or any property which contains any such visual depiction, and any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

    a.    The laptop computer, camera and cell phone seized from the defendant on or about August 5, 2009.

24.   The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and/or 2253(a)(3).  The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

25. After the acceptance of this Plea of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the item listed in Paragraph 24, above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

26. The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

27. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

12. mba
 E
28. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of these assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed in Paragraph 23 as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

30. This plea agreement represents the total agreement between the defendant, BRYAN J. GRISWOLD and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
TIFFANY H. LEE
Assistant U.S. Attorney

Dated: May 11, 2012

I have read this agreement, which consists of 16 pages. I have had a full opportunity to discuss this agreement with my attorney, MARK D. HOSKEN, Esq. I agree that it represents the total agreement reached between myself and the government. No

promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
BRYAN J. GRISWOLD  
Defendant

Dated: May 11, 2012

_____  
MARK D. HOSKEN, ESQ.  
Attorney for the Defendant

Dated: May 11, 2012